UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN KNIGHT,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL BRAZELTON,<br><br>    Respondent. | Case No. 13-cv-04664-JD<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 7 |

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations and is procedurally defective. Petitioner has filed an opposition, and respondent has filed a reply. The motion is granted and the petition is dismissed.

**I.    STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on petitions for writs of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28

U.S.C. § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The one-year period may also start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by United State Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

### A. Background

In 2009, petitioner was sentenced to 42 years to life in prison for second degree murder and attempted voluntary manslaughter. Motion to Dismiss ("MTD"), Ex. A at 2. The California Court of Appeal affirmed the judgment on March 7, 2011. MTD, Ex. A. The California Supreme Court denied review on June 8, 2011. MTD, Ex. B.

On August 28, 2012, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. MTD, Ex. C.[1] The petition was denied on February 13, 2013. MTD, Ex. D. This federal petition was filed on September 25, 2013.

### B. Discussion

Here, petitioner had ninety days from June 8, 2011, when the state high court denied review, to file a petition for a writ of certiorari with the United State Supreme Court. *See Bowen*, 188 F.3d at 1159. He did not. Thus, petitioner's one-year limitations period began to run on September 7, 2011, and expired on September 6, 2012. *See* 28 U.S.C. § 2244(d)(1).

---

[1] The Court applies the mailbox rule to all of petitioner's habeas filings in state court and in this court. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

A habeas petition was filed in the California Supreme Court on August 28, 2012, approximately nine days before the statute of limitations expired. Petitioner will receive tolling credit for the time when the petition was pending. The California Supreme Court denied the petition on February 13, 2013, and the statute of limitations therefore expired nine days later on February 22, 2013. The federal petition here was filed approximately seven months later and is untimely unless saved by equitable tolling.

### C.   Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling in limited circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks and citation omitted); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 560 U.S. at 653.

Petitioner bears the burden of showing "extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks and citation omitted). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005). Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

Petitioner argues that he is entitled to equitable tolling due to prison lockdowns and lack of information from his appellate counsel. With respect to prison lockdowns, petitioner argues that the resulting lack of access to the law library from June 8, 2011 to September 20, 2012, prevented him from timely filing the petition. However, the statute of limitations did not expire until

1   February 22, 2013, shortly after the California Supreme Court denied review, and this federal
2   petition was not filed until September 25, 2013.  Petitioner presents no arguments on why he was
3   unable to file the federal petition for nine months after the California Supreme Court denial, and
4   his allegations regarding prison lockdowns concern a period of time in 2011 and 2012, well before
5   the federal petition needed to be filed.  In addition, petitioner presents conclusory arguments but
6   no evidence in support of the lockdowns, instead stating he is waiting for records and will
7   eventually present them to the Court.  This is insufficient to warrant equitable tolling for such a
8   long period of time and, regardless, lockdowns alone are not an "extraordinary circumstance," but
9   rather a fact of life for an incarcerated inmate.  *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir.
10  2009).[2]

11  Petitioner also argues that his appointed counsel on direct appeal never informed him that
12  he had 12 months before the statute of limitations expired to file a federal petition.  However, in
13  noncapital cases, an attorney's negligence or miscalculation of the limitations period in general do
14  not constitute extraordinary circumstances sufficient to warrant equitable tolling.  *See Lawrence v.
15  Florida*, 549 U.S. 327, 336-37 (2007) (in case where prisoner has no constitutional right to
16  counsel, attorney miscalculation of limitations period not sufficient); *Velasquez v. Kirkland*, 639
17  F.3d 964, 969 (9th Cir. 2011) (attorney's failure to recognize that the delays of 91 and 81 days
18  would render the state petitions untimely was not the result of an "external force" but the result of
19  prisoner's own actions); *Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (state-
20  appointed appellate counsel's negligence in failing to perfect direct appeal did not warrant
21  equitable tolling because it did not cause delay in filing of federal petition).

22  But where the attorney's misconduct is sufficiently serious, as opposed to merely
23  negligent, equitable tolling may be appropriate.  *See Holland*, 560 U.S. at 651-52 (finding that
24  while earlier cases have precluded the application of equitable tolling to "garden variety claim[s]
25  of excusable neglect," serious attorney misconduct may constitute extraordinary circumstances,

---

[2] Respondent has also included exhibits in the reply (Docket No. 9) that indicate petitioner was subject to lockdowns for only certain portions of the time frame he indicated and had access to the law library.

4

even if it does not include proof of bad faith, dishonesty, divide loyalty, mental impairment and the like) (internal quotation marks citations omitted); *Doe v. Busby*, 661 F.3d 1001, 1013-1015 (9th Cir. 2011) (finding extraordinary circumstances where attorney failed to file a timely petition despite numerous promises to the contrary; petitioner's three-and-a-half- year delay in eventually filing a pro se petition attributable to having been deceived, bullied and lulled by apparently inept and unethical lawyer).  In this case the only allegation petitioner makes is that the attorney failed to inform him of the statute of limitations.  Assuming this is accurate, the failure to inform would be negligent but not sufficiently serious to warrant equitable tolling.  Moreover, petitioner provides no information regarding the circumstances of when he learned of the statute of limitations and how he exercised due diligence after that time.  Petitioner's bare allegations are insufficient.[3]

## II.   CONCLUSION

1.   Respondent's motion to dismiss (Docket No. 7) is **GRANTED** and this case is **DISMISSED**.

2.   A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: August 5, 2014

_____
JAMES DONATO
United States District Judge

---

[3] As the petition is being dismissed as untimely, the Court need not address the argument that one of the claims is procedurally defaulted.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN KNIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL BRAZELTON,<br><br>    Defendant. | Case No.  13-cv-04664-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/6/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Allen Knight
Pleasant Valley State Prison
P.O. Box 5248
Coalinga, CA 93210

Dated: 8/6/2014

                                                       Richard W. Wieking
                                                     Clerk, United States District Court

                                                     By:_____*Lisa R. Clark*_____
                                                     LISA R. CLARK, Deputy Clerk to the
                                                   Honorable JAMES DONATO